

**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5000
*www.cftc.gov*

**Office of the**
**General Counsel**
Henry J. Dickman
Senior Assistant General Counsel
hdickman@cftc.gov
(202) 418-5607

June 22, 2026

<u>**Via ECF**</u>
The Hon. William C. Griesbach
United States District Court for the Eastern District of Wisconsin
Jefferson Court Building
125 South Jefferson Street, Room 201
Green Bay, WI 54301-4541

> ***Re:*** *United States v. State of Wisconsin, et al.* (26-cv-749-WCG)

Dear Judge Griesbach:

Plaintiffs the United States of America and the Commodity Futures Trading Commission write in response to Defendants' letter dated June 18, 2026 (Dkt. No. 38). Defendants ask this Court not to rule on Plaintiffs' motion for a preliminary injunction until the Court decides Defendants' motion to dismiss on standing grounds. To the extent Defendants' sequencing request would delay the issuance of a preliminary injunction, it has no basis.

A preliminary injunction is designed to preserve the status quo until the Court can decide the case with finality. That is why the issuance of an injunction requires the Court to find only a *likelihood* of success on the merits, not a definitive success. Accordingly, the Court may grant a preliminary injunction so long as Plaintiffs *likely* have standing. *Murthy v. Missouri*, 603 U.S. 43, 58 (2024) ("At the preliminary injunction stage, then, the plaintiff must make a 'clear showing' that she is 'likely' to establish each element of standing"). That determination should not be delayed by a pending motion to dismiss.

That said, Plaintiffs do not object to the Court holding a single hearing to address Plaintiffs' preliminary-injunction motion and Defendants' motion to dismiss—indeed, Plaintiffs would welcome that opportunity. Plaintiffs also do not object to the Court ruling on both motions simultaneously, so long as that does not delay the issuance of a preliminary injunction. But Plaintiffs respectfully submit that the Court should not delay the issuance of a preliminary injunction by considering the parties' motions sequentially. Indeed, given that the State is currently seeking a preliminary injunction of its own that would halt the operation of CFTC-

licensed derivatives exchanges in the State of Wisconsin, the need for preliminary injunctive relief is as urgent as ever.

We thank the Court for its attention to this matter.

Sincerely,

*/s/ Henry J. Dickman*
**Henry J. Dickman**
Senior Assistant General Counsel
Office of the General Counsel

Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st St., N.W.
Washington, D.C. 20581
Tel: (202) 418-5607
hdickman@cftc.gov