IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

THE UNITED STATES OF AMERICA
and COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiffs,

      v.                          Case No. 26-CV-749

STATE OF WISCONSIN, et al.,

      Defendants.

## DEFENDANTS' REPLY REGARDING MOTION TO INTERVENE OF THE AMERICAN GAMING ASSOCIATION

In its response to the American Gaming Association's ("AGA's") motion to intervene (ECF No. 46), Crypto.com claims to see inconsistency between the State's non-opposition to the AGA's motion (ECF No. 46:1) and the State's opposition to Crypto.com's earlier intervention motion. (ECF No. 28.) Crypto.com says that the State's "decision not to oppose the AGA's motion to intervene in this case confirms that it lacks any basis to oppose CDNA's motion to intervene." (ECF No. 49:1.)

There is no inconsistency in the State's positions, however, because Crypto.com is not similarly situated to the AGA. Crypto.com—like Kalshi, which has also moved to intervene (ECF No. 23)—is seeking to simultaneously

litigate identical claims against Wisconsin in two courts. Crypto.com is a defendant in a civil enforcement action in which the State has alleged a public nuisance caused by Crypto's violation of state gambling laws. *See State of Wisconsin v. Foris Dax Markets, Inc., et al.*, No. 26-cv-381 (W.D. Wis.). Crypto's removal of that case to federal court, and its primary defense to the public nuisance claim, rests on its assertion of a federal preemption defense. *See id.*, Mem. in Support of Motion to Dismiss, ECF No. 22. Crypto.com seeks to intervene here to make the same exact preemption argument. (ECF No. 12-1.) That is impermissible claim-splitting; a party "cannot use a second lawsuit against [a defendant] to take another bite at the apple." *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021) (citation omitted).

By contrast, the AGA does not have this claim-splitting problem; the State is unaware of any other pending cases in which the AGA seeks to defend Wisconsin's laws against a preemption challenge.[1] There is therefore no inconsistency between the State's opposition to Crypto.com's motion and its non-opposition to the AGA's motion.

---

[1] The State is aware that the AGA has filed an intervention motion in *United States v. New York*, No. 26-cv-3404 (S.D.N.Y.), but that doesn't present a claim-splitting problem because that case involves a separate challenge to a different State's laws and, in any event, the motion hasn't been decided.

Dated this 23rd day of July 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

COLIN T. ROTH
Assistant Attorney General
State Bar #1103985

CHARLOTTE GIBSON
Assistant Attorney General
State Bar #1038845

/s/Lewis W. Beilin
LEWIS W. BEILIN
Assistant Attorney General
State Bar #1038835

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7636 (Roth)
(608) 957-5218 (Gibson)
(608) 266-3076 (Beilin)
(608) 294-2907 (Fax)
colin.roth@wisdoj.gov
charlie.gibson@wisdoj.gov
lewis.beilin@wisdoj.gov

3